IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| LESLIE STRANGE,<br><br>   Plaintiffs,<br><br><br>vs.<br><br><br>DAVIS COUNTY,<br><br>   Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br><br><br><br>Case No. 1:05-CV-63 TS |

      Defendant Davis County has brought this Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6).  Defendant argues that the Court does not have subject matter jurisdiction over this matter because Plaintiff Strange has failed to comply with the notice provisions of the Utah Governmental Immunity Act.  Defendant further argues that Plaintiff's punitive damages claims should be dismissed.  Additionally, Defendant argues that this matter should be dismissed under Rule 12(b)(6) because a person cannot recover punitive damages without first receiving an award for compensatory or general damages, and Plaintiff has made no claim for either of those damages.

Plaintiff, proceeding *pro se*, argues that he has met all the administrative requirements placed upon him. The Court finds that Plaintiff has failed to comply with the Notice of Claim provision of the Utah Governmental Immunity Act and will, therefore, dismiss this case.

"[S]uit may not be brought against the state or its subdivisions unless the requirements of the Governmental Immunity Act are strictly followed."[1] One such requirement is the Act's Notice of Claim provision.[2] "A notice of claim must include '(i) a brief statement of the facts; (ii) the nature of the claim asserted; and (iii) the damages incurred by the claimant so far as they are known.'"[3] The failure to file such a notice deprives the court of subject matter jurisdiction.[4]

Here, Plaintiff has failed to strictly comply with the Notice of Claim provision of the Utah Governmental Immunity Act. As a result, this Court is deprived of subject matter jurisdiction. Therefore, this case must be dismissed and the Court need not address the parties' remaining arguments.

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 4) is GRANTED. It is further

ORDERED that Plaintiff's Motion to Deny Dismissal Requested by Defendant (Docket No. 7) is DENIED. It is further

---

[1] *Hall v. Utah State Dept. Of Corrections*, 24 P.3d 958, 965 (Utah 2001).

[2] *Id*; Utah Code Ann. § 63-30-11(2).

[3] *Rushton v. Salt Lake County*, 977 P.2d 1201, 1203 (Utah 1999) (quoting Utah Code Ann. § 63-30-11(3)(a) (Supp. 1998)).

[4] *Id*.

ORDERED that Plaintiff's Motion to Accept Amended Charge of Discrimination is DISMISSED as moot. The clerk of the court is directed to close this case forthwith.

DATED   October 24, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge